# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRENDA KAY PRATHER

     Plaintiff,

v.                                                                    Case No. 11-15638

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff Brenda Prather challenged the decision of an administrative law judge ("ALJ") denying social-security disability benefits, and prevailed.  Plaintiff moves for an attorney's fee under the Equal Access to Justice Act.  The matter is fully briefed, and a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(f)(2).  Because the Government's defense of the ALJ's decision was substantially justified, the motion will be denied.

## I. STANDARD

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

§ 2412(d).  To receive an attorney's fee under the EAJA, a plaintiff must establish that (1) it prevailed, (2) the Government's position was not "substantially justified," (3) an award of fees is not unjust, and (4) the request for fees is timely and itemized.  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

A position is "substantially justified" if a reasonable person could think it correct, that is, if the position has a "reasonable basis in law and fact." *United States v. Real Prop. Located at 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Government has the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc., v. N.L.R.B.*, 176 F.3d 875, 878 (6th Cir. 1999). An ALJ's decision can be erroneous yet substantially justifiable. *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).

## II. DISCUSSION

The ALJ's decision was rejected because it incorrectly discounted (1) the treating physician's opinion and (2) the Plaintiff's credibility. Although these errors made the decision reversable, they did not make it unsupportable.

### A. Treating Physician's Opinion

An ALJ must give "controlling weight" to the opinion of a treating physician if the ALJ finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with the other evidence in the case record." *Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If she declines to accord the treating physician's opinion controlling weight, the ALJ must determine how much weight to give by examining "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Id.* at 544. A treating physician's opinion that does not control is still, unless rebutted, entitled to great deference. *Rogers v. Comm'r Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ in this action stated that "little weight will be given to the assessment of Dr. Concepcion [Plaintiff's treating physician] as it is not supported by medically acceptable clinical or laboratory diagnostic techniques and is inconsistent with the other substantial evidence in the record." (Tr. 26.)  The ALJ was too dismissive of the opinion of Plaintiff's treating physician; she rejected it without discussing it.  This does not, however, mean that the ALJ's position was unsupportable.  The ALJ's decision contains a detailed description of Plaintiff's medical history, which included facts that support the ALJ.

Dr. Concepcion's opinion contradicted other evidence.  For example, Dr. Concepcion stated that Plaintiff suffered pain from movement in her knees, a gait abnormality, and poor motor skills.  (Tr. 25.)  However, Dr. Concepcion's earlier clinical examinations showed that Plaintiff's knees were "normal," that she had full movement in her wrists, that there was no sign of pain in her ankles, that her pain was "stable" and required no further adjustment in medication, that she had "normal motor strength," and that she had a full range of motion in her neck.  (Tr. 25.)  Further, Plaintiff told Dr. Concepcion "that despite her illness, she was able to perform activities of daily living and was able to work," and Dr. Concepcion's treatment plan consisted merely of diet and exercise.  (Tr. 25.)  Moreover, Plaintiff was seen in 2008 by Dr. Turner, who reported that Plaintiff had "normal motor strength. . . and reflexes.  (Tr. 24.)  In 2008 Plaintiff saw also Dr. Lustig, who reported that she had full finger grip.  (Tr. 23.)  Plaintiff has, since 2005, visited at least twelve different physicians, most of whom have found no serious health problems.  (Tr. 21-23.)  Grounds existed to give the treating physician's opinion less than controlling weight.

The ALJ had a "reasonable basis both in law and fact" for her position, and thus the Government was "substantially justified" in defending the ALJ. *Pierce* 487 U.S. at 565. An ALJ's decision can be substantially justifiable if the ALJ refers—even if only generally—to strong evidence in the record supporting her decision. *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006). Although the ALJ in this action failed to discuss in detail the evidence supporting her decision, the record contained supportive evidence, which the ALJ cited generally. The Government was therefore substantially justified in defending the ALJ's rejection of a treating physician's opinion.

### B. Plaintiff's Credibility

An ALJ must explain why she discounts the credibility of a claimant's testimony. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). Although the ALJ in this action failed persuasively to explain why she doubted Plaintiff's credibility, the record evidence supported the ALJ's decision.

Some of the record evidence suggested that Plaintiff's condition was not severe and, more, not bad enough to get her to follow through with recommended treatment. For example, in April 2008, Plaintiff complained of knee pain to Dr. Steele. (Tr. 22.) An x-ray showed a minor issue. Plaintiff went to a different doctor twelve days later, complaining of the same pain. (Tr. 23.) That doctor, Dr. Moyers, found the same small issue, and chose to treat Plaintiff conservatively. (Tr. 23.) Surgical intervention was recommended, and scheduled, but then cancelled by Plaintiff. (Tr. 23.) Four months after meeting with Dr. Moyers, Plaintiff met with a third doctor, Dr. Lustig, who, after conducting a series of clinical examinations, concluded that Plaintiff suffered chronic pain. (Tr. 23.) Plaintiff requested that Dr. Lustig affirm a disability for her; he stated that

4

further testing would be required.  (Tr. 23.)  It appears that, after Dr. Lustig declined to

affirm her disability without further testing, Plaintiff stopped seeing him.  (Tr. 24.)

    This pattern was later repeated.  Plaintiff saw many doctors, each of whom

reached roughly the same conclusion: that she was in no acute distress and that she

needed no more than conservative treatment—physical therapy, diet, and exercise.

(Tr. 24.)  Moreover, Plaintiff appears at times to have contradicted herself.  She said

she had problems walking and standing and that she was "unable to lift a gallon of milk."

(Tr. 21.)  But she told her most recent physician that she was "able to perform activities

of daily living and was able to work."  (Tr. 752.)  And, as discussed earlier, much of the

record evidence supported her claim of ability.  (Tr. 23-24.)

    "This is not a case in which the [Government's] position is based on speculation

with no support in the record."  *Cunningham* 440 F.3d at 865.  The Government was

substantially justified in supporting the ALJ's rejection of Plaintiff's credibility, "even

though the ALJ was not as thorough in [her] analysis as [she] could have been."  *Id.*

### III. CONCLUSION

    The record supports the ALJ's decision enough to preclude an award of an

attorney's fee.  The Government was substantially justified in defending the ALJ's

decision.  Accordingly,

    IT IS ORDERED that Plaintiff's motion for an attorney's fee [Dkt. # 19] is

DENIED.

                             s/Robert H. Cleland
                             ROBERT H. CLELAND
                             UNITED STATES DISTRICT JUDGE

Dated:  July 16, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 16, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner 
Case Manager and Deputy Clerk
(313) 234-5522